Menchillo v. Davenport Doc. 4


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER STEPHEN MENCHILLO,

Plaintiff,

vs. Case No. 2:06-cv-331-FtM-29DNF

SHERIFF JOHN G. DAVENPORT,

Defendant.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court upon initial review of the file. Plaintiff Walter Stephen Menchillo, proceeding *pro se*, who is currently confined at the Charlotte County Jail, filed a civil rights complaint pursuant to 42 U.S.C. §1983 against the Sheriff of Charlotte County (Doc. #1). The Complaint alleges equal protection and due process violations stemming from the jail's withdraw of monies from Plaintiff's inmate account for subsistence, booking and other fees from April 16, 2002 through the present time. Plaintiff objects that the monies deposited in his account are from "gifts/donations made by friends/family." Complaint, page 8-a. Plaintiffs complains that he has not "personally authorized" these deductions. Further, Plaintiff complains that due to his classification he is not permitted to work in the jail to earn his subsistence fees. Plaintiff seeks injunctive and declaratory relief.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act (hereinafter

Dockets.Justia.com

PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It appears that Plaintiffs' Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) because Plaintiffs have not alleged facts supporting a violation of a constitutional right. While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

The Florida legislature enacted statutes authorizing the assessment of certain costs against prisoners. Specifically, Sections 951.032 and 951.033, Florida Statutes, permit county and municipal detention facilities to recover the subsistence costs and medical expenses incurred by prisoners. Plaintiff does not challenge the constitutionality of the Florida statute, but rather challenges the application of the statute to him. See Cruz v. Aladro, 129 Fed. Appx. 549 (11th Cir. 2005). Regardless of whether

Plaintiff is a prisoner, he has a protected property interest in any funds deposited into his account and cannot be deprived of those funds without due process of law. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989). Plaintiff's due process rights, however, are intact since Plaintiff is able to challenge any charges assessed against his account by filing a grievance. See Solomos v. Jenne, 776 So. 2d 953 (Fla. 4th DCA 2000), reh'g denied (Feb. 1, 2001). Moreover, Plaintiff has not alleged that Florida law has provided an inadequate post-deprivation remedy. "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." T & A Utilities v. City of Panama City, No. 5:96CV97/SMN, 1997 WL 151045, *4, 10 Fla. L. Weekly Fed. D. 484 (N.D. Fla. 1997) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994), cert. denied, 513 U.S. 1110 (1995)(footnote omitted)). Further, plaintiff has not alleged any facts supporting an equal protection claim.

Thus, for the above stated reasons, Plaintiff's case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as failing to state a claim upon which relief can be granted.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED**:

1. Plaintiff's complaint is **DISMISSED without prejudice.**

2. The **Clerk of Court** shall: (1) enter judgment accordingly against the plaintiff; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __6th__ day of July, 2006.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record